SALOMON JIMINEZ V. STATE

No. 31,905. May 11, 1960

*Neal Dancer*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for killing Lucia Calderon; the punishment, 15 years.

The testimony of the state shows that the appellant and the deceased had been living together three or four years; that they had been mad at each other for about two weeks; that after appellant quit work one afternoon he was unable to find the deceased and began searching for her and after midnight he saw her leave a house with a man unknown to him and they entered her car and drove away. Thereafter he stopped her car

by driving his car into hers, and someone was heard to say "I told you not to run"; then a shot was heard and the deceased was found with her shoulders on the ground and her feet in the car. The appellant went immediately to the house of deceased's sister and told her he had shot Lucia. Deceased's sister went to the car and found her sister, Lucia, dead.

The state introduced appellant's written statement in evidence without objection and it corroborates the above summary of the state's evidence.

The testimony of a physician shows that he examined the body of the deceased and that he found a gun shot wound in her back and that a bullet had entered her lung and heart and was the cause of her death.

Appellant testifying in his own behalf corroborated the testimony of the state up to the time of the shooting. He admitted having the gun but said he did not intend to shoot or kill the deceased; that he was angry and did not recall pulling the trigger, but after she fell he went to her sister's home. He also admitted that he told the officers that he wanted to make a statement, but says he could not read and that parts of the statement were not true. He further testified that he told the officer that the shooting was an accident; and that the officer read the statement to him and he signed it because he was afraid.

The involuntary character of the confession was submitted to the jury.

Appellant insists that the court's charge is erroneous because of material contradictions in paragraphs six and eight which were calculated to confuse and mislead the jury.

The court in paragraph six of the charge instructed the jury that if they found beyond a reasonable doubt that the appellant voluntarily and with malice aforethought killed the deceased, then to find him guilty and assess his punishment; and it further charged in paragraph six that if they had a reasonable doubt thereof to acquit him.

The court in paragraph seven submitted and applied the law of murder without malice.

In paragraph eight the court applied the law of reasonable doubt between murder with and without malice.

The last portion of paragraph six which directed appellant's acquittal if the jury had a reasonable doubt of whether he acted with malice was more favorable to him under the facts than the law authorizes. In the event the jury found that he did not act with malice then they should have been instructed to next consider whether such act, if any, was committed without malice. No reversible error appears in said paragraphs.

The evidence is sufficient to sustain the conviction and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.